CASE 84—ACTION TO SET ASIDE A DEED FOR FRAUD TO AVOID PAYMENT
OF ALIMONY—JUNE 1.

# Campbell & Others v. Trosper.

APPEAL FROM KNOX CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

HUSBAND AND WIFE—DIVORCE AND ALIMONY—FRAUDULENT CONVEY-
ANCE—PERSONAL JUDGMENT—CHANCELLOR'S JUDGMENT—APPEAL—
PLEADING.

Held: 1. Where a judgment for alimony does not provide for a
lien on the estate of the divorced husband, only a personal lia-
bility is created.

2. Kentucky Statutes, section 2126, providing that sales and con-
veyances made to a purchaser without notice, in fraud or hind-
rance of the right of the wife or child to maintenance, shall
be void as against them, does not apply to a conveyance made by
a divorced husband to defeat the wife's claim for alimony; but,
as she is a creditor, she may, like any other creditor, maintain
an action under Id., section 1907a, to subject the land fraudu-
lently conveyed, without first obtaining judgment and return of
"no property."

3. While the finding of the chancellor will not, on appeal, be given
the effect of the verdict of a jury, yet, where the evidence is
conflicting, some weight will be given to his finding, and it
will not be disturbed if on the whole case the mind is left in
doubt as to the truth.

4. Where a divorced husband, for the purpose of defeating the wife's
judgment for alimony, fraudulently conveyed his property to
persons who, being on terms of intimacy with him, knew of the
separation and of the wife's judgment, and who permitted the
grantor and his paramour to continue to occupy the property
as had been done prior to the conveyance, when they must have
known that the effect of the conveyance would be to defeat the
wife's claim, the chancellor's finding that they had notice of the
grantor's fraudulent intent will not be disturbed.

5. The grantees in a fraudulent conveyance which is set aside in an
action by a creditor of the grantor can not be substituted to the
rights of mortgagees whose liens they discharged, in the ab-
sence of a pleading alleging the facts entitling them to such re-
lief.

Campbell et als. v. Trosper.

6. Under plaintiff's prayer for all proper relief, her petition setting
   out all the facts, the chancellor properly adjudged to her such re-
   lief as she was entitled to, though part of it was not specifically
   prayed in the petition.

JAS. D. BLACK, ATTORNEY FOR APPELLANT.

1. A judgment for divorce and alimony does not of itself operate
   as a lien on the land of the defendant, such a judgment has
   no more force than any ordinary judgment *in personam*.
2. The only way the plaintiff in such judgment could acquire a lien
   on the land of her husband was by an execution or attach-
   ment.
3. The court has no power in suits for alimony, to divest the hus-
   band of the *title* to his land and convey it to his wife. He
   can allow her the *use* of the land, but not the title.
4. There is no allegation in plaintiff's petition charging appellants
   as grantees of the land, under the deed made to them by J. H.
   Campbell, with any notice or knowledge of any fraudulent in-
   tent, (if there was such intent) upon the part of said Camp-
   bell, *in the execution of the said mortgage*.
5. In order to adjudge a sale or conveyance void under section
   2126, Kentucky Statutes, it must be made to appear, *both* that
   the grantor made the sale or conveyance in fraud or hinderance
   of the right of his wife, *and* that the *grantee* had notice of such
   purpose on the part of the grantor. Kentucky Statutes, secs.
   2122, 2123 and 2126; McMahan v. McMahan, 4 Ky. Law Rep.,
   887; Lockbridge v. Lockbridge, 3 Dana, 27; Maguire v. Maguire,
   7 Dana., 181; 2 Pomeroy Eq. Jurisprudence, sec. 754;
   4 Bibb, 482, Lindsey's Heirs v. Rankin, &c.; 11 Bush,
   367; Hardins' Exrs.' v. Harrington, &c.; 2 Dana, 323, Violet
   v. Violet; 12 B. M., 32, Ratcliffe v. Trimble, also page 38; 1
   Met., 397; Short v. Tinsley, page 404; 3 Ky. Law Rep., 178,
   Adams' Assignee v. Branch; 78 Ky., 105, Allen, &c., v. Russel,
   &c., page 116; 12 Bush, 441, Uneller, &c., v. Engelin, &c.; 3
   Met., 487, Williams v. Gooch.

JOHN T. HAYS, ATTORNEY FOR APPELLEE.

1. It can not be seriously contended that the appellants or any of
   them took the deed in ignorance of the avowed purpose of J.
   H. Campbell to hinder the appellee in the collecting of her
   divorce judgment.
2. The *hindrance* being established by the proof, in the execution of
   the deed by J. H. Campbell to Joel Campbell, &c., with notice
   thereof on the part of the grantees, the case at bar comes within

the provisions of section 2126, Kentucky Statutes, and the deed is therefore void.

3. A judgment for alimony is *an adjudged interest against the estate of the husband,* which by operation of law is a lien upon his estate for the payment of such judgment.

Ky. Stats., secs. 2122, 2123, 2126 and 1907a; McCarty v. McCarty, 10 Ky. Law Rep., 409; Williams v. Gooch, 3 Met., 486; Foster v. Grigsby, 1 Bush, 99-100; Davis v. Davis, 10 Ky. Law Rep., 493.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, Nannie Y. Trosper, and J. H. Campbell were married in the year 1878. Four children were born to them,—all girls. In October, 1895, appellee filed suit for divorce from her husband; he having taken up with a woman by the name of Burrilla Trosper, whom he had brought to his house, and by whom he had a bastard child, born shortly before the bringing of the suit. He had driven his wife and children away from home, and was living with Burrilla. He had a tract of land worth about $1,000; four horses worth, perhaps, $300; some stock, farming utensils, and household property. Appellee prayed in her petition in that case for alimony as well as a divorce. Issue was joined, and the case was tried August 13, 1896, when a final judgment was rendered, divorcing appellee from J. H. Campbell, and allowing her $500 as alimony,—$50 payable October 1, 1896, $50 January 1, 1897, and the remainder in four equal installments on the 1st day of October, 1897, 1898, 1899, and 1900; also, $200 for her attorney's fee, to be taxed as costs, and the custody of the two older children. She had obtained an attachment upon his property, but this was discharged. By a subsequent judgment the custody of the two younger children was committed to her. Campbell paid the $50 due October 1, 1896; also, $43 of the $50 due January 1, 1897. On March

3, 1897, he made a deed to appellants, Joel Campbell and
G. M. Campbell by which, in consideration, as recited
therein, of the sum of $800 cash in hand paid, the receipt of
which he thereby acknowledged, he conveyed to them his
farm. He failed to pay anything further on the allow-
ance to appellee, and she on March 1, 1898, after exhaust-
ing other remedies, filed this action to set aside the deed
made by him to appellants; alleging that she had a prior
lien upon the land, and that the deed was fraudulent, and
made with the fraudulent intention to cheat, hinder, and
delay her in the collection of her debt. Appellants denied
the fraud, but on final hearing the court below subjected
the land to appellee's claim, adjudging the deed void as to
her.

The determination of the case requires a construction of
the following provisions of the Kentucky Stat-
utes: "If the wife have not sufficient estate
of her own, she may on divorce obtained by her, have
such allowance out of that of her husband as shall be
deemed equitable, and be restored to the name she bore
before marriage if she desires it." Section 2122. "Pending
an application for divorce or on final judgment, the court
may make orders for the care, custody and maintenance
of the minor children of the parties. . . . But no such
order for maintenance of children or allotment in favor
of the wife shall divest either party of the fee simple title
to real estate." Id. section 2123. "Sales and conveyances
made to a purchaser with notice . . . in fraud or hin-
drance of the right of the wife or child to maintenance
shall be void as against them." Id. section 2126. When,
in a divorce case, a sum of money is allowed to the
wife as alimony, and ordered to be paid by the husband,
he becomes her debtor for the amount; and, on his failure

to pay, the collection of the money may be enforced by execution, or such other proceedings as are allowed by law to creditors against their debtors; for such judgment does not devest the husband of title to real estate, but may be discharged by the payment. of money. Davis **v.** Davis, 10 Ky. Law Rep. 493; Tyler v. Tyler, 99 Ky. 31, (34 S. W., 898); McCarty v. McCarty (Ky.) 9 S. W., 294. Although, by section 2122, the wife is entitled to such an allowance out of her husband's estate as shall be deemed equitable, and the court, in granting alimony, may by proper orders secure the payment of the amount adjudged out of the husband's estate, still, when he merely makes an allowance to be paid by the husband, without providing in the judgment for a lien on the estate of her husband, only a personal liability is created, and the wife has no lien on any part of his estate. Section 2126 makes void all sales and conveyances, made to a purchaser with notice, in fraud or hindrance of the right of wife or child to maintenance. Appellee was not the wife of J. H. Campbell when the deed in contest was made. She had been divorced from him something like eighteen months before, and was only a creditor. She was not then entitled to maintenance by him, and can not set aside the deed on the ground that it was made in fraud or hindrance of the right of wife to maintenance. But, although her action can not be maintained under this section, being a creditor she may maintain the action, like any other creditor, under section 1907a, Kentucky Statutes: "That hereafter in this Commonwealth it shall be lawful for any party who may be aggrieved thereby, when any real property has been fraudulently conveyed, transferred or mortgaged, to file in a court having jurisdiction of the subject matter, a petition in equity against the parties to such fraud-

ulent transfer, conveyance or mortgage, or their represen-
tatives or heirs, alleging therein the facts showing their
right of action and alleging such fraud or the facts consti-
tuting it and describing such property, and when done a
*lis pendens* shall be created upon the property so described
and said suit shall progress and be determined as other
suits in equity and as though it had been brought on a
return of *nulla bona*, as has heretofore been required." Ap-
pellee's petition conforms to the requirements of this sec-
tion, and she was, under it, entitled to the relief granted
by the court below, if the land was fraudulently conveyed.

The proof in this case leaves no room for doubt that
J. H. Campbell made the deed in question with intent
to delay, hinder, and defraud appellee.    Under section
1906, Kentucky Statutes, the deed is therefore void, as
to her, unless appellants, the grantees in the deed, are pur-
chasers for valuable consideration, and without notice of
the fraudulent intent of their grantor.    While their own
testimony is to the effect that they bought the land in
good faith, and without notice of any fraudulent intent
on the part of their grantor, J. H. Campbell, on the whole
case we can not disturb the finding of the Chancellor on
the facts.    Though in an equity action, like this, as has
been frequently held by this court, the finding of the
Chancellor will not be given the effect of a verdict of a
jury, still, where the evidence is conflicting, some weight
will be given to his finding, and it will not be disturbed un-
less on the whole case it appears to be contrary to the
testimony.    While there are expressions in some opinions
of this court written some years ago giving more effect
than this to the finding of a Chancellor in equity cases,
these have been time and again disapproved, for the rea-
son that the rule is inapplicable to equity cases, which

frequently involve a number of issues and it is a mat-
ter of uncertainty what the Chancellor's conclusion on a
particular issue of fact is. The real difficulty in most
cases is in applying the law to the facts. Equity cases
being tried here on the same record as in the court below,
the reason for the rule in common law cases does not ex-
ist. This court has therefore, uniformly, for a number of
years, adhered to the rule that in equity cases judgment
will be given here according to the truth of the matter as
it shall appear to the court from the whole record, but
that where the proof is conflicting, and on the whole case
the mind is left in doubt as to the truth, the chancellor's
judgment will not be disturbed. Bank v. Stapp, 97 Ky.,
432, (30 S. W., 1,000); Stephens v. Dickinson (Ky.) 43 S. W.,
212; Marcoffsky v. Franks, Id., 440; May's Adm'r v. Burns
(Ky.) 44 S. W., 83; McCampbell v. McCampbell (Ky.) 46 S.
W., 18 Woolley's Ex'rs v. Greenwade's Heirs (Ky.) 47 S.
W., 335; Bank v. Clark (Ky.) 48 S. W., 1089.

In this case it appears that J. H. Campbell has contin-
ued his illicit relations with the woman Burrilla Trosper,
and that another child has been born to them since the di-
vorce from his wife. He and Burrilla continued to occupy
the land conveyed by the deed, since it was made, substan-
tially as they did before. A part of it was rented out,
but the rent corn was delivered at Burrilla's house. J.
H. Campbell worked on the land, cultivating crops, plant-
ing things, and treating the place as his home. Appellant
Joel Campbell lived seven miles off, and seems to have ex-
ercised no control over the property; and the social rela-
tions of appellant G. M. Campbell with the woman Burilla
and J. H. Campbell tend strongly to sustain appellee's
contention. The evidence leaves no doubt that both of the
appellants knew of the separation of J. H. Campbell from

his wife, and her judgment against him. They certainly
knew that the effect of the deed would be to defeat her
claim, and, from his intimacy with them, it is hard to es-
cape the conclusion that the deed was made on the part of
all three of them for the purpose of defeating her judg-
ment, under the undisputed evidence as to the manner in
which the land has been held and used by J. H. Campbell
and Burrilla since the deed was made.

It appears from the record that when the deed was
made there was a mortgage on the land, in favor of J. H.
Campbell's attorneys in the divorce case, and several oth-
ers, for something like $450, which was then released. Ap-
pellants testify that the money they paid Campbell for
the land was used to extinguish this mortgage, and it is
insisted for them that they should, in any event, have
been substituted to the rights of the mortgagees.   But
this was not pleaded, and it does not seem proper to give
such relief without a pleading asking it, or alleging the
facts entitling them to it.   Under appellee's prayer for
all proper relief, her petition properly setting out all the
facts, the Chancellor, on final hearing, correctly adjudged
to her such relief as she was entitled to, although part of
it was not specifically prayed in the petition; and on the
whole case, as the record stood, the judgment of the Chan-
cellor is in accordance with the rights of the parties.   Judg-
ment affirmed.