CASE 43.—ACTION BY ONE CHISM AND ANOTHER AGAINST
JOHN BEAM'S ADMINISTRATOR AND ANOTHER.
—March 1, 1910.

## Quigley v. Beam's Admr, &c.

137 | 325
137 | 784

Appeal from Barren Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for plaintiffs, defendant Quigley appeals and plaintiffs file a cross appeal.—Cross appeal dismissed and judgment on original appeal overruled with directions to enter another judgment.

1   Appeal and · Error—Review—Questions of Fact—In Equity.
—While in the Supreme Court in equity cases judgment will
be given according to the weight of the evidence and the
truth as it shall appear from the whole record, yet where
the proof is conflicting, and on the whole case there is
doubt, the chancellor's judgment will not be disturbed.

2.   Pleading—Amendment of Petition—Trial  Amendment.—In
an action one object of which was, as allowed by Civ. Code
Prac. section 661, to compel defendant to pay certain past-
due notes on which plaintiffs were sureties, and to enforce
for that purpose a mortgage given by them, the court did
not err in allowing plaintiffs, just before submission of the
cause, to file an amended petition to cure defects in the
original, and to perfect the cause of action allowed by
such section, and to make their pleadings conform to the
proof.

3.   Trial—Submission of Cause After Amending Pleadings.—In
a case wherein an amended petition was properly allowed
to be filed just before submission of the cause, it appeared
from the record that defendant objected to the filing and
excepted to the ruling, but it did not appear that he asked
or was refused a continuance, or that he objected to the
submission.  Held, in view of the record, that the submis-
sion was not premature, and that the court did not err as
to that.

4. Mortgages—Foreclosure—Judgment—Directions as to Sale. —In ordering a sale on foreclosure, it is error not to direct, as required by Civ. Code Prac. section 696, on what time or credit the land will be sold.

5. Mortgages—Foreclosure—Judgment—Directions as to Sale. —A judgment on foreclosure should only direct a sale of so much of the land as may be necessary to pay the debt with interest and costs, and it is error to direct a sale of the whole.

6. Mortgages—Foreclosure—Judgment—Directions as to Sale. —A judgment on foreclosure should direct the taking of a sale bond, payable to the commissioner, for the amount of the debt and costs, and a second bond, payable to the mortgagor, for the surplus, if any; and a direction to take a bond payable to the commissioner for the entire proceeds, if it should be necessary to sell all the land, is error.

7. Mortgages—Foreclosure—Judgment—Directions as to Sale. The validity of a judgment on foreclosure is not affected by failure to direct the commissioner to have the land appraised before its sale, or because it empowers him to obtain, in advance of the sale, the boundary of the land by metes and bounds, and sell it by metes and bounds, as the appraisement, as well as the manner of making it, is directed by statute, though as to appraisement the safer practice is to direct it by judgment.

8. Mortgages—Foreclosure—Description in Judgment and Petition.—Both the judgment and the petition on foreclosure described the land as follows: "A tract of land and appurtenances thereon, lying and being in B. county, and being that portion of land inherited by the said J. E. Q. from the estate of A. J. Q., and the same which was deeded by the heirs of A. J. Q., and bounded on the north by the lands of H. L. H., and on the west by the lands of D. I. W., on the south by N. Creek, and on the east by T. lands, containing 50 acres, more or less." Held, suffiiceint for identification, as required by Civ. Code Prac. section 125.

9. Appeal and Error—Decision Appealable—Final Order or Judgment.—The reservation of a counterclaim for future adjudication is not a final order or judgment from which an appeal will lie.

DUFF & HUTCHERSON for appellant.

BAIRD, RICHARDSON & SUMMERS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

We will not enter upon a discussion of the conflict-ing claims and matters of account between the appel-lant, Quigley, and the appellees, Chism and Hicks, presented by the pleadings and proof in this case, further than to say that the evidence was conflict-ing, and much of it irreconcilable, and we do not feel authorized to declare that the adjustment made by the circuit court of the matters in controversy was not in accordance with the weight of the evidence. "While it is the rule of practice in this court that in equity cases judgment will be given according to the weight of the evidence and the truth as it shall appear to the court from the whole record, yet where the proof is conflicting, and on the whole case the mind is left in doubt as to the truth, the chancellor's judgment will not be disturbed." Flowers, etc., v. Moorman & Hill, 86 S. W. 545, 27 Ky. Law Rep. 728; Campbell v. Trosper, 108 Ky. 602, 57 S. W. 245, 22 Ky. Law Rep. 280; Bank of Campbellsburg v. Minor, etc., 99 S. W. 899, 30 Ky. Law Rep. 496; Akers, etc., v. Akers, 101 S. W. 353, 31 Ky. Law Rep. 36. Although the action was brought by appellees, Chism and Hicks, to recover of appellant judgment for an indebtedness it was claimed he was owing them, and which involved a settlement of all matters of account between them, another purpose of its in-stitution was, as allowed by section 661, Civ. Code, to compel appellant to pay certain past-due notes, upon which they were sureties, to one John Beam, deceased, and to this end J. D. Calvert, administrator of the estate of Beam, was made a defendant. In the matter of such suretyship appellees were indemni-fied by a mortgage upon a sawmill and 50 acres of land, duly executed to them by appellant. The ap-pellee Hicks became the purchaser of the sawmill at

$350, which sum by appellast's· direction he paid on
the notes held by Beam upon which he and the ap-
pellee Chism were sureties, and for what remained
due upon the notes in question the circuit court, be-
cause of appellant's insolvency, adjudged a sale of
the 50-acre tract of land, as prayed in appellees' peti-
tion and the answer and cross-petition of Beam's
administrator. Of that judgment appellant com-
plains; hence this appeal. · .

He contends that the circuit court erred in allow-
ing appellees to file an amended petition just before
the submission of the cause, and, after it was filed,
further erred in refusing him a continuance of the
case. This complaint rests upon the theory that the
amended petition presented for the first time in the
case a cause of action under section 661, Civ. Code
Prac., and appellant should have been afforded an
opportunity for taking further proof. As before
stated, it appeared from the original petition that one
of the objects of the action was to compel the pay-
ment by appellant of the notes held by Beam's ad-
ministrator, and to enforce for that purpose the
mortgage given the sureties. It is true that the orig-
inal petition was defective, but as the purpose of the
amendment was to cure such defects' and perfect the
cause of action allowed by the section of the Code,
supra, and also to make appellees' pleadings conform
to the proof, the filing thereof was not only permis-
sible, but eminently proper. It appears · from the
record that appellant objected to the filing of the
amended· petition, and excepted to the ruling of the
court in allowing it to be filed, but it does not appear
from the record that he asked or was refused a con-
tinuance of the case, or that he objected to its sub-
mission. In view of the record the submission was

not premature, and therefore the court did not err in ordering it submitted. We find; however, that appellant's complaint of error in the form and terms of the judgment rendered is not without merit. It does not, as required by section 696, Civ. Code Prac., direct upon what time or credit the land shall be sold; in addition it erroneously directs the sale of the whole of the land, whereas only so much of it as may be necessary to pay the debt of Beam's administrator, with interest, and the costs of the action, should have been ordered sold. It may be found necessary to sell the entire tract to satisfy the debt and costs, but opportunity should be offered bidders to buy less than the whole for the debt and costs, and, moreover, appellant is entitled to have it so offered for sale that a part of it may, if possible, be saved to him.

The judgment is wrong in another particular. It erroneously directs the taking of the sale bond, payable to the commissioner, for the entire proceeds of the land, if it should be necessary to sell all the land, instead of taking a bond payable to himself for the amount of the debt of Beam's administrator and costs of the action, and a second bond payable to appellant for the surplus, if any, over and above the administrator's debt and costs.

We do not think the validity of the judgment is affected by its failure to direct the commissioner to have the land appraised before its sale, or because it empowers that officer to obtain in advance of the sale the boundary of the land by metes and bounds and to sell it by metes and bounds. The appraisement, as well as the manner of making it, is directed by statute, and the requirements of the statute with respect to same can and should be observed by the commissioner without direction from the

judgment, but it is the safer practice to direct it by
the judgment, as such direction will call the
commissioner's attention to the necessity of causing
the appraisement to be made, and prevent its being
overlooked.

The direction to the commissioner to obtain a de-
scription of the land by metes and bounds was not
error, but wholly unnecessary, as in both the judg-
ment and petition it is described as follows: "A tract
of land and appurtenances thereon, lying and being
in Barren county, and being that portion of land
inherited by the said J. E. Quigley from the estate
of A. J. Quigley, and the same which was deeded by
the heirs of A. J. Quigley, and bounded on the north
by the lands of H. L. Harlan, on the west by the
lands of D. I. Williams, on the south by Nabob Creek,
and on the east by Tudor lands, containing 50 acres
more or less." This description of the land was suffi-
cient for its identification, and meets the require-
ments of section 125, Civ. Code Prac.

The appellees, Chism and Hicks, complain that, al-
though the circuit court found from the evidence
that they were entitled upon their counterclaim to a
personal judgment against appellant for $120, such
judgment was not rendered in their favor, and be-
cause thereof they have taken and are prosecuting a
cross-appeal. We cannot entertain the cross-appeal,
for the circuit court did not pass upon the question
of appellees' right to a judgment for $120, but, as the
judgment rendered shows, expressly reserved it for
further adjudication. Their counterclaim for that
amount was neither dismissed nor allowed, and the
reservation of the matter for future adjudication is
not a final order or judgment from which an appeal
will lie, for which reason the cross-appeal is dis-
missed.

But,· on account of the errors in the judgment indicated, it is reversed on the original appeal, and cause remanded, with direction to the circuit court to enter another judgment for a sale of the land in conformity to the opinion.