# O. F. L. Beckette & Co. v. Goodman, et al.

(Decided October 25, 1910.)

## Appeal from Floyd Circuit Court.

Standing Timber—Sale—Error in Deed—Equipoise Evidence—Affirmed.—In this action for the sale of standing timber, in which it is alleged that there was an error in the deed as to the exclusion of certain timber thereon, Held, that the evidence is so nearly equipoised that we decline to disturb the judgment for appellees.

ZERFOSS & WEAKLEY for appellant.

HOPKINS & HOPKINS for appellees.

Opinion of the Court by Judge Nunn—Affirming.

Appellant made a contract with appellee John M. Goodman for the purchase of some standing trees, fourteen inches and up excluding those over sixteen inches, as appellant had previously purchased them. The deed was prepared by appellant at the request of appellee and sent to a deputy county court clerk to have appellee and his wife acknowledge it. They found, as they claim, a mistake in the deed. The deed included all timber on the land of appellee fourteen inches and up exclusive of the locusts only, when it should have also excluded the gum, beach and sugar trees, and appellee interlined in the exclusion the words "gum, beach and sugar trees" and he and his wife signed, acknowledged and delivered it to the bank of Josephine in Floyd county, where appellant had placed the check for the balance of the purchase price, $200, to be delivered to appellee when the deed was delivered to the bank. The bank sent the deed to appellant and delivered the check to appellee. In a few days appellant wrote to appellee and one Wright complaining of the interlineation and demanded that it be erased and that the transaction be completed according to the contract. It appears that appellee declined to make the erasure and claimed that the deed as interlined contained the true contract. He told appellant that if he was not satisfied with the contract that he could return the deed and he would send him the $225 paid for the trees. Appellant declined to do this and instituted this action to have the deed reformed by cancelling the interlineation.

We have rarely examined a record where the testimony introduced by the parties was more convincing of the right of each party than appears in this case. It would be of no benefit to the parties or any one for us to recite the evidence sustaining the positions of the parties. It is sufficient to say that if the lower court had decided in favor of appellant, we would not be willing to disturb such a finding, and the facts being so nearly equipoised we likewise decline to disturb the judgment for appellee.

For these reasons, the judgment of the lower court is affirmed.