## Friedman v. Sinnott's Extx., et al.

(Decided November 7, 1912.)

### Appeal from McCracken Circuit Court.

Fraudulent Conveyances—Separate Action.—In an action under section 1907 of the Kentucky Statutes attacking transfers and conveyances as fraudulent, several fraudulent vendees cannot be joined as defendants in the same action. Each person to whom property is transferred or conveyed must be proceeded against separately.

D. G. PARK for appellant.

BERRY & GRASSHAM and WM. MARBLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Friedman, brought this suit in equity against the widow of John Sinnott, who was also his executrix, and his five children. The petition avers in substance that in July, 1907, John Sinnott, deceased, in connection with other persons, executed his note to Friedman for $5,000, no part of which has been paid except a small per cent that was distributed among the

creditors of Sinnott in a suit to settle his estate. It was further averred that in 1904 Sinnott and others organized a corporation, with a capital stock of $100,-000; and that there was issued to Sinnott stock of the par value of $66,000, and to the other incorporators the remainder of the capital stock, but that Sinnott never paid anything to the corporation for the stock issued to him, and that in 1908 the corporation became insolvent. It was further averred "That for at least ten years before this action was brought,· and before his claim was so allowed against the estate of John Sinnott, deceased, by a judgment of the McCracken Circuit Court, the said John Sinnott, Sr., had withdrawn large sums of money from the assets and funds of the firm of Thompson Wilson & Co. and out of the corporation, the Thompson Wilson & Co., and wrongfully and fraudulently invested such funds in the name of his wife, the defendant, Mrs. Elizabeth Sinnott, and in the name of his son, Stewart Sinnott, by which he gave to each and both of them large sums of money without any valuable consideration therefor and with a fraudulent intent to cheat, hinder and delay his creditors, both then existing and future creditors, in the collection of their debts, and with a fraudulent intention of creating other and future debts, and diverting such property into their names so as to prevent its subjection to the payment of such future debts, when so created.

In this manner he fraudulently and with such fraudulent intent gave and caused to be conveyed to. the defendant, Mrs. Elizabeth Sinnott, in her own name a large block of real estate in the City of Paducah, Kentucky, particularly described as follows:

· Plaintiff further says that during such period the said John Sinnott, Sr., deceased, wrongfully and fraudulently, with the intent aforesaid as to his creditors, withdrew various sums of money from such business and gave it to the defendant, Mrs. Elizabeth Sinnott, without any valuable consideration therefor by which he fraudulently covered up and concealed his property in the name of his wife and defendant, Mrs. Elizabeth Sinnott, to avoid the payment of his debts, which he had already and which he subsequently created, including the debt of this plaintiff; and she now holds and owns such property in trust resulting in favor of this plaintiff, for the payment of his debts.

Plaintiff further says that the said John Sinnott, Sr., deceased, with the same fraudulent intent and purpose to cheat, hinder and delay his creditors, prior and subsequent, including this plaintiff, withdrew other large sums of money from the partnership and incorporated business aforesaid, without rendering any consideration therefor, and invested it in the name of his wife, the defendant, Mrs. Elizabeth Sinnott, and in the name of his son, Stewart Sinnott, without any valuable consideration from either of such parties, by which he fraudulently gave to them such funds in money and stocks in various such at least amounting to $20,000, which shares of stock such defendants now own and hold in trust resulting in favor of this plaintiff for the payment of his debt. Plaintiff says that whatever interest the said John Sinnott may have owned in such shares of real estate or stock resulting for the benefit of his creditors, including this plaintiff, either passed by descent to his children and heirs at law, or by devise to his wife, Mrs. Elizabeth Sinnott, aforesaid as devisee and testatrix, under his will; and each and all of them hold the legal title in them to such property in trust resulting in favor of this plaintiff for the payment of his debt. But plaintiff says that he has recently discovered the fraudulent disposition and holding of the property aforesaid by the defendants, Mrs. Elizabeth Sinnott and Stewart Sinnott and others herein, and has discovered such fraud and the resulting trust therefrom within the last five years, and could not with reasonable diligence have discovered it earlier and since judgment allowing the claim against the estate of the said John Sinnott, deceased, and against the assets, which stood in his name, as owned by him at the time of his death, and•all of which were exhausted under the distribution of such action; and there are no other assets out of which the debts can be paid except the property aforesaid now so fraudulently held by the defendants herein; and plaintiff says all of such property was acquired by them and accepted by them with full knowledge on their part of the fraudulent intent of the said John Sinnott, deceased, and they participated with him in such fraudulent purposes and aided him to thereby cover up and conceal his property to prevent the payment of his creditors, including this plaintiff.

Wherefore, plaintiff prays that such assets be discovered and recovered herein and be subjected to the payment of his debt, and that he have a personal judg-

ment against each of the defendants who each received property under such fraudulent gift and bequests to the amount greater in value than the amount of his debt; and he prays personal judgment against each of them for his costs herein expended and for all proper and necessary relief.

To this petition the defendants, Mrs. Eilzabeth Sinnott and Stewart Sinnott, entered a motion to require the plaintiff to elect whether he would prosecute the action against Mrs. Elizabeth Sinnott and against her as executrix or the cause of action against Stewart Sinnott. They also entered general and special demurrers to the petition, but the only action taken on these motions and demurrers by the lower court is contained in the following order:

"On motion of defendants, the written motion to elect and the special demurrer of John Sinnott &c., and the general demurrer of defendant, Mrs. Elizabeth Sinnott, executrix, and also the general demurrer of defendant, Mrs. Elizabeth Sinnott, heretofore filed with the clerk of this court on May 22, 1912, are filed of record. The motion of defendants heretofore filed to require the plaintiff to elect which cause of action he will prosecute is, upon the court being advised, sustained, and the plaintiff declining to elect, the court dismisses this action without prejudice as against defendant, Stewart Sinnott, in so far as it seeks personal judgment against him. It is therefore adjudged that the defendant, Stewart Sinnott, do recover of the plaintiff his costs herein expended, and for which an execution is awarded. To which judgment dismissing without prejudice as against defendant, Stewart Sinnott, the plaintiff objects and excepts, and prays an appeal to the Court of Appeals, which is granted."

It will be observed that the only ruling made by the court in the action was the one requiring the plaintiff to elect which cause of action he would prosecute, and that upon his declining to elect the court dismissed the action without prejudice as to Stewart Sinnott. Therefore, the only question before us is the correctness of the ruling of the lower court in requiring the plaintiff to elect, and upon his refusal to do so, dismissing the action without prejudice against Stewart Sinnott.

Although counsel for appellant otherwise contends, we think is quite clear that the petition was intended to state a cause of action under section 1907 of the Ken-

tucky Statutes, reading as follows: "Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to his creditors whose debts or demands are thereafter contracted, nor as to purchasers with notice of the voluntary alienation or charge; and though it be adjudged to be void as to a prior creditor, it shall not therefore be deemed to be void as to such subsequent creditors or purchasers."

Under this section if the debtor conveys or transfers property to different persons, each person to whom the property is transferred or conveyed must be proceeded against separately. The several fraudulent vendees cannot be joined in one action. This being so, the court correctly ruled in requiring the plaintiff to elect and in electing for him upon his refusal.

Wherefore, the judgment of the lower court is affirmed.