## Gambill, et al. v. Grigsby, et al.

(Decided November 16, 1915.)

### Appeal from Perry Circuit Court.

Appeal and Error—Finding of Fact by Chancellor.—The finding of fact by the chancellor will not be disturbed upon appeal unless against the preponderance of the evidence.

J. B. EVERSOLE for appellants.

HOGG & JOHNSON for appellees.

Opinion of the Court by Judge Nunn.—Affirming.

In this action J. C. Gambill and Louisa Colwell sue upon two notes executed by their brother, Joe Gambill, one for $400, payable to J. C. Gambill, and one for $250, payable to Louisa Colwell. It is alleged that they were executed on April 27, 1902, and were due and payable one year from date. It is further alleged that the notes were appellant's shares of the consideration for a tract of land which they then sold to Joe Gambill—the same land which Joe Gambill conveyed to the appellee, Mat Grigsby, on August 28th, 1902. Suit was filed in 1910 against Grigsby and Joe Gambill, wherein appellants prayed for a lien and a sale of the land to pay the notes. No questions of law are involved. The court found, as a matter of fact, that appellants had no lien on the land. It seems that in 1879, Elizabeth Gambill, the mother of Joe Gambill and appellants, owned the land in question. In February of that year she executed what purported to be a deed conveying it to Joe Gambill in consideration of $750, $300 of which was paid in cash and the balance evidenced by note. Joe Gambill took possession and resided there until 1902, when he conveyed to Grigsby. Joe Gambill's deed from his mother was not properly acknowledged, and, in February, 1902, a long while after her death, he filed an action on the deed, asserting that he had paid the consideration named, and that he was the equitable owner of the land. All of the heirs of Elizabeth Gambill were made parties defendant. Although served with process, none of them answered. The suit was settled in May of that year by all of the heirs, including the appellants, joining in a deed whereby they conveyed the land to Joseph Gambill.

"In consideration of the sum of $750, which was paid to the said Elizabeth Gambill during her lifetime by the said Joseph Gambill of the second part, and, whereas, there was a suit instituted in the Perry Circuit Court for the purpose of extracting said (land) from said first parties, and the said first parties for the purpose of compromising and avoiding said suit and quieting said second party in his title to the hereinafter described tract of land, do hereby sell and convey to the party of the second part, his heirs and assigns the following described property, to-wit, etc."

The thing that prompted Joe Gambill to file the suit against the heirs of his mother was his desire to clear the title to his land so that he could complete a sale of it to Grigsby, which he had already agreed to make to him for $1,200. In February, 1902, when Grigsby was ready to carry out the trade, some question was raised about the efficacy of the deed under which Joe Gambill claimed title. Joe put Grigsby in possession under a title bond, with the understanding that the deed was to be made and the money paid when the title was cleared. After filing the suit, and securing from the heirs the deed already referred to, Joe Gambill conveyed the land to Grigsby by general warranty deed on August 28th, 1902, "in consideration of the sum of $1,200 in hand paid." The deed was recorded on the day it was executed. Appellants lived in the same neighborhood and knew that Grigsby was in possession, claiming title, and never asserted any lien or made any attempt to collect their notes, although themselves not in the best of circumstances, and one of them a borrower of money from other people. By this action which they filed in 1910, they claim that the draughtsman of the deed, by oversight or mistake, left out of it a provision setting up their notes with reservation of a lien to secure their payment. The evidence is not at all convincing that any such notes were executed as a consideration for land. The deed from the heirs to Joe Gambill and the deed from Joe Gambill to Grigsby recited full payment of consideration, and made no mention of notes, and there was nothing in either deed to apprise Grigsby of their existence or of a claim of lien on the land to secure their payment.

Appellants' attempt to prove that some time after Grigsby took possession, but before Joe Gambill executed the deed to him, that Joe Gambill told Grigsby of the notes, and Grigsby agreed to pay them. It is not necessary to undertake an analysis of this evidence. The lower court found, and we are of the opinion that the evidence abundantly sustained his finding, that Mat Grigsby had no notice of appellants' demands or of their claim of lien against the land, if any they had, and never assumed their payment.

It is a well settled rule that the chancellor's finding will not be disturbed on appeal unless against the preponderance of the evidence. In this case the evidence preponderates in favor of the judgment. Quigley v.

Bean's Admr., 137 Ky., 325; O. F. L. Beckette & Co. v. Goodman, 140 Ky., 399, 131 S. W., 185; Collins v. Lawson's Committee, 140 Ky., 510, 131 S. W., 262; Payne v. Levy, 142 Ky., 619, 134 S. W., 1160.

Judgment affirmed.