## Shelton v. Shelton.

(Decided December 3, 1915.)

### Appeal from Allen Circuit Court.

1. Appeal and Error—Finding of Chancellor.—Where the evidence is contradictory and the mind is left in doubt as to the truth, the finding of the chancellor, upon an issue of fact, will not be disturbed.

2. Appeal and Error—Filing of Transcript.—Section 739 of the Civil Code of Practice requires appellant to file with the transcript a statement showing the page of the record on which the judgment appealed from may be found. A statement giving the page of the order book of the circuit court upon which the judgment is recorded; is not a compliance with the Code.

3. Appeal and Error—Statement Required by Section 739 Civil Code. —Where the appellant fails to make the statement on the record required by section 739 of the Code, and no motion is made to dismiss the appeal upon that ground, the irregularity will be treated as waived.

4. Appeal and Error—Classification of Questions in Brief.—The failure of the appellant to classify the questions discussed in his brief, with the citation of the authorities relied on, under the proper headings, as is required by rule 3 of this court, will be treated as waived by the appellee if he fails to take advantage of the irregularity. The court may, however, upon its own motion, strike the brief from the record.

T. B. DIXON and N. F. HARPER for appellant.

GOAD, OLIVER & GOAD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellant, Edgar Shelton, and the appellee, Alta Shelton, were married in Allen county on March 16th, 1913. They lived together as husband and wife until August 30th, 1913, when Edgar left his wife and sued her for a divorce upon the ground of lewdness.

Having failed in his action, his wife brought this action on January 6th, 1914, for a divorce from bed and board, and for the maintenance of herself and child, alleging as her ground for relief that Edgar Shelton had been guilty of extreme cruelty in making the unfounded charge of lewdness against her in the first suit. She also alleged that he had disposed of all of his personal property, but that he yet had a one-eighth undivided in-

terest in two tracts of land, which he would dispose of for the purpose of defeating her claim for alimony, unless an attachment should issue against it. She alleged that the disposition of Edgar's property was made in order to cheat, wrong and defraud her.

The answer traversed the allegations of the petition.

On January 22nd, 1914, an order was entered making the wife an allowance of $10.00 per month *pendente lite.* However, on January 21st, 1914, the day before the order was made, Edgar Shelton conveyed his one-eighth interest in the land above mentioned to his uncle, Jerry Shelton, for the recited consideration of one hundred dollars, cash in hand paid. On August 20th, 1914, his wife filed an amended petition, in which she attacked the conveyance to Jerry Shelton as fraudulent, describing the property, and making Jerry Shelton a defendant. He answered, denying the fraud, and avowing that his purchase was in good faith and for full value.

Upon proof taken, the circuit court granted the plaintiff a divorce from bed and board, and allowed her alimony in the sum of $200.00, and an attorney's fee of $25.00. The judgment also declared the sale to Jerry Shelton to be fraudulent, set it aside, and subjected the land to the payment of appellee's judgment against her husband.

From that judgment Edgar Shelton and Jerry Shelton prosecute this appeal.

Jerry Shelton was the deputy sheriff, and from the proof it is reasonably certain not only that he was fully aware of the claim the appellee was making against her husband for alimony, and knew beforehand that the motion for alimony would be made on January 22nd, 1914, but that he participated in the fraud of Edgar. He had served some of the subpoenas and notices in the case, and when he accepted the deed from Edgar Shelton on the day before the order was made, he did so with full knowledge of all the facts attending appellee's claim against her husband, and his fraudulent intent in making the conveyance.

Upon the issue as to the value of his one-eighth interest in the land, the proof is quite conflicting, Jerry's witnesses valuing the land at about $1,000.00 or $1,200.00, while some of appellee's witnesses put the value as high as $2,500.00. There is little doubt that the tract of land is worth from $1,500.00 to $2,000.00, and that the value of

Edgar's interest therein was worth much more than
$100.00; and that appellant's witnesses unduly depreciate
the value of Edgar's one-eighth interest therein because
it is subject to the life estate of his mother, who is
eighty years of age.

Upon a full consideration of all the evidence, the chan-
cellor declared the conveyance from Edgar to his uncle
Jerry to be fraudulent as against the claim of the appel-
lee, and we are of opinion that the testimony sustains the
chancellor's finding. But, if we were in doubt of the cor-
rectness of that finding, we would be slow to reverse the
judgment, under the rule which requires us to not disturb
the finding of the chancellor upon the issue of fact where
the proof is contradictory and the mind is left in doubt.

It is insisted that the judgment erroneously recites
that an attachment had been issued herein and levied
upon the land (when, in fact, no attachment was issued),
and, that by reason of the attachment, the plaintiff had
a lien upon Edgar's interest therein. The judgment in-
advertently does recite that an attachment had been is-
sued; but the amended petition specifically described the
land, and attacked the conveyance from Edgar to his
uncle Jerry upon the ground of fraud, thus securing to
the plaintiff a lien which the court properly enforced.
Ky. Sts., sec. 1907a; Campbell v. Trosper, 108 Ky., 602;
Williamson v. Norris, 166 Ky., 231. The recitation that
the lien had been created by an attachment rather than
by the proceeding that was taken, was unimportant.

Section 739 of the Civil Code requires the appellant
to file with the transcript a statement showing the page
of the record on which the judgment appealed from may
be found. The statement of appeal in this case recites
that the judgment appealed from "is duly recorded in
Civil Order Book No. 3, page 623."

Instead of complying with the provision of the code,
the statement in this case gives the page of the order book
in the Allen circuit court upon which the judgment is
recorded. As there was, however, no motion made to
dismiss the appeal for this failure to comply with the code
it will be treated as waived.

Rule 3 of the court requires that every brief shall be
accompanied by a classification of the questions discussed,
with a citation of the authorities relied on, under the
proper headings. No attempt has been made by appel-
lant to comply with this rule; but, as no motion has

been made by the appellee to take advantage of that irregularity, it will be treated as waived in so far as it concerns the appellee. The court of its own motion, however, strikes both briefs from the record.

Judgment affirmed.