## Hall et al. v. Hall.

(Decided June 21, 1929.)

R. C. TARTAR for appellants.

JAMES DENTON and DENTON & PERKINS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part and reversing in part.

Dr. C. B. Hall, T. H. Hall, and E. C. Hall have appealed from a judgment rendered in favor of Nettie Hall, holding void certain conveyances made by E. C. Hall to Dr. C. B. Hall and T. H. Hall.

E. C. Hall and Nettie Hall are husband and wife; but they have made a failure of their matrimonial adventure, and are not living together. In a proceeding begun by Nettie Hall against her husband, she obtained on November 18, 1925, a judgment against E. C. Hall by which he was required to pay her the sum of $25 per month in two installments, due on the 1st and 15th of each month, these installments to begin with November 1, 1925; also to pay $18.05 costs which Nettie Hall had incurred in that action. On November 23, 1925, E. C. Hall executed to Dr. C. B. Hall, his brother, a deed by which he undertook to convey him 35 acres of land in Pulaski county. The doctor testifies that he was to pay $600 for this land which he claims to have paid as follows:

| | |
|---|---:|
| A mortgage that was thereon | $300.00 |
| E. C. Hall owed him | 100.00 |
| He paid E. C. Hall in cash | 200.00 |
| Total | $600.00 |

On that same day a 2-acre tract of land was conveyed by E. C. Hall to T. H. Hall, another brother, and this is the way he claims to have paid for that:

| | |
|---|---:|
| He cancelled a note E. C. Hall owed him | $200.00 |
| E. C. Hall owed him a board bill | 125.00 |
| E. C. Hall owed him on open accounts | 75.00 |
| He gave E. C. Hall check for | 28.00 |
| He had previously given him check for | 22.00 |
| At request of E. C. Hall he gave Wm. Catron a check | 25.00 |
| Claims to have paid him in cash | 325.00 |
| Claims to have paid taxes on this land | 9.46 |
| Total | $809.46 |

On February 25, 1926, Nettie Hall began suit, reciting therein her judgment, that nothing had been paid

thereon and seeking to have these conveyances set aside as fraudulent and void, to subject this land to the payment of her judgment, for a sale thereof for that purpose, etc. The defendant moved the court to require Nettie Hall to elect which cause of action she would prosecute, the one against C. B. Hall and E. C. Hall or the one against T. H. Hall and E. C. Hall. The court overruled that motion. There was a misjoinder here. The action against C. B. and E. C. Hall should not have been joined with the action against T. H. and E. C. Hall. See Friedman v. Sinnott's Ex'x, 150 Ky. 430, 150 S. W. 520. But we are unable to see that there was any prejudicial error in allowing the two cases to proceed together. The court held both of these conveyances void, and from that action of the court, E. C. Hall, C. B. Hall, and T. H. Hall have appealed. The court declined to make any order for the sale of this property, and from that part of the judgment, Nettie Hall has prosecuted a cross-appeal.

There is some question about what section of the statutes Nettie Hall is proceeding under, but a plaintiff does not have to say in a pleading what section of the statutes he is proceeding under. The pleading is merely a picture of the situation, and, if a plaintiff pictures a situation entitling him to relief, it is the duty of the court to give to the plaintiff the relief requested if due him under the law. The chancellor having found that these conveyances were fraudulent, and being unable to say, from our reading of this record, the chancellor erred in so finding, his finding must be affirmed.

He did err, however, in refusing to subject this land to the payment of Nettie Hall's judgment. These sales were void as to her under section 2126, Kentucky Statutes. She had a right to be adjudged a lien on this land under sections 1906 and 1907a, Kentucky Statutes. The court should have adjudged her that, and ordered a sale of enough of the property to have satisfied her judgment. In ordering a sale of this property the court should adjudge to Dr. C. B. Hall a first lien on the 35-acre tract for the amount of the mortgage thereon which he has paid, he being entitled to be subrogated to the rights of that mortgagee. In saying this, we have not overlooked the case of Campbell v. Trosper, 108 Ky. 602, 57 S. W. 245, 22 Ky. Law Rep. 277, but in that case the mortgage which Campbell et al. claimed to have paid was not pleaded, whereas in this case it was.

The court erred in holding these transfers absolutely void. They were only void as to Nettie Hall, and the judgment will be modified to that extent, but that is not sufficient to require a reversal of the judgment against T. H. Hall, which is now affirmed. The judgment against C. B. Hall is reversed, and the court will enter against him a judgment as indicated. On the original appeal the judgment is reversed in part and affirmed in part; on the cross-appeal the judgment is reversed.