## Griffith v. Bell.

(Decided December 5, 1930.)

L. B. ALEXANDER for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant, J. E. Griffith, is the son-in-law of the appellee, J. W. Bell. For some time prior to July 26, 1924, Bell had been assisting Griffith financially by becoming surety for him on a number of obligations which by the date named aggregated between $10,000 and $12,000. In 1924 Griffith's financial condition became acute. On July 25th of that year a still was discovered

upon the farm on which Griffith lived and which he then owned. Griffith was later acquitted of any responsibility for this still. On the day after the discovery of the still, Griffith came to the conclusion that something had to be done about his financial affairs. So on that day he deeded to Bell the farm which he owned. The deed recites that Bell was to assume the unpaid purchase money notes secured by vendor's lien on the farm and a number of other items of Griffiths' indebtedness which were set out in detail in the deed. This assumption of the indebtedness, together with $1 cash in hand paid, was the only consideration for the conveyance recited in the deed. On December 7, 1925, Bell conveyed this farm to the Lakeview Country Club for the recited consideration of $1 and other good and valuable consideration. At this time Griffith and his wife were living in a house belonging to Bell, and they continued to live there after this conveyance of December, 1925. Each month while they were living in this house Bell put to the credit of Griffith and his wife the sum of $85.

On July 5, 1929, Griffith brought this suit against Bell. In the petition he averred that the real consideration for the conveyance of July, 1924, by him to Bell was that Bell should assume and pay the then outstanding indebtedness of Griffith of, to quote from the petition, "approximately $10,000," and that Bell should "sell said property at the best obtainable price and when so sold would pay to this plaintiff the balance of the proceeds derived therefrom after paying this plaintiff's indebtedness as hereinabove set out." He further averred that Bell had sold the farm to the Lakeview Country Club for $32,032.50, and had paid out of that sum debts of the appellant aggregating $7,325, leaving a balance due him of $25,707.50, with interest from the 30th day of January, 1926, until paid, subject to certain credits, leaving a net balance due appellant of $28,609.69, for which he asked judgment. The answer of Bell put in issue all of the allegations of the petition, and, as amended, interposed a counterclaim for advances made to Griffith's family in order that they might purchase the necessities of life. A demurrer to this counterclaim was overruled, and then its allegations were put in issue by the appellant. On the trial, Griffith introduced proof to establish that the true consideration for the deed of July, 1924, was that Bell should sell the property and pay off the indebtedness which Griffith owed. The proof is not

clear as to what the agreement was concerning any surplus left after the payment of Griffith's debts. Griffith testified that the surplus, if any, was to be paid over to him, but he also introduced a great deal of proof to show that Bell's agreement was to establish a trust fund with the surplus for the benefit of Griffith's wife and children.

It was shown without dispute that the property had been sold by Bell to the Lakeview Country Club which he and others had organized for the purpose of a real estate development scheme; that Bell received for the property $12,760.88 in cash, which he used in paying off Griffith's debts, and that for the balance of the purchase price the Lakeview Country Club executed to Bell a note for the full purchase price of $33,015, credited by this cash payment of $12,760.88, this note being due ten years from its date with interest from maturity.

At the close of Griffith's case, Bell moved for a peremptory instruction. Thereupon the court told Griffith that it thought the evidence so far introduced would justify some sort of equitable relief, and that, if Griffith would make a motion to transfer the case to the equity side of the docket, it would sustain the motion. Griffith replied that he would take no position on the court's suggestion one way or the other, but would let the court do whatever it pleased. Griffith thus remaining mute, the court sustained the motion of Bell for a peremptory instruction, and dismissed Griffith's petition, and from that judgment this appeal is prosecuted.

Griffith directs his argument in this court first towards the claimed error of the court in overruling his demurrer to Bell's counterclaim. Bell was given no judgment on his counterclaim, and that branch of the litigation has never been disposed of in the lower court. Therefore it is obvious that we cannot consider on this appeal the propriety of the court's ruling on the demurrer to this counterclaim, for that ruling was and is only an interlocutory order, from which no appeal lies. Cf. Quigley v. Beam's Administrator, 137 Ky. 325, 125 S. W. 727.

Griffith next insists that the court erred in sustaining Bell's motion for a peremptory instruction. He raises no question in his pleadings as to the propriety of the sale to the Lakeview Country Club nor as to the terms upon which it was made. In fact, by the necessary implication of his pleadings, he adopts and approves of the sale as made. According to his position,

the consideration for the deed of July, 1924, was that Bell should sell the property, pay off the debts Griffith owed, and then pay over any balance left to him. Griffith does not seek by this suit to compel Bell to turn over to him the Lakeview Country Club note subject to the credit, but, on the contrary, seeks a money judgment against Bell. The Lakeview Country Club note may or may not be worth its face value. But certainly under the claim of the appellant that the appellee was to turn over to him the balance of the proceeds of the sale after his debts were paid, he is not entitled to a money judgment when his own proof shows that such balance has never been collected by the appellee in cash but is represented by a note, not bearing interest, with a remote maturity and the value of which is not shown. It may be perhaps, as the court intimated, that on the facts as developed by him Griffith will be entitled to some equitable relief if Bell is unable by his proof to overcome the effect of Griffith's proof. But Griffith is not asking that in this case. The judgment herein, of course, will not preclude him from pursuing whatever equitable rights he may have, but he certainly has on his allegations and proof no right to the money judgment sought. The court correctly sustained Bell's motion for a peremptory instruction.

The judgment is therefore affirmed.