### HOLLON v. BANKS et al.

Court of Appeals of Kentucky.

May 22, 1953.

Henry L. Rudd, Mt. Sterling, for appellant.

J. Douglas Graham, Campton, for appellees.

MOREMEN, Justice.

Isabella Hollon, guardian for Ora Mae Banks Taulbee, filed a petition in the circuit court by which she sought to cancel a deed executed on the 9th day of April, 1932, by Rosa Ann Banks and her son, Harlan Banks, to Lou Ellen Moore Banks, his divorced wife. It is averred that at the time of the conveyance Harlan Banks was married and living with his wife, Cordia, and that the deed was made without her permission and as the result of a conspiracy by Harlan Banks and his mother, Rosa Ann Banks, with the purpose of defrauding Cordia Banks and her heirs of the interest in said property owned by Harlan Banks at the time of the conveyance. It was alleged that on December 3, 1951, Lou Ellen Moore Banks conveyed this property to John Stone and Odra Stone, and they were joined as defendants. It was prayed that the deed dated April 9, 1932, be cancelled. Appellees filed a general demurrer to this petition which was sustained. Appellant declined to plead further and the petition was dismissed.

Appellant argues that the conveyance of 1932 was void under KRS 405.060 which reads: "Any sale or conveyance made to a purchaser with notice or for the benefit of any religious society, if made in fraud or hindrance of the right of wife or child to *maintenance*, shall be void as against the wife or child." We believe the foregoing statute has no application here. Originally this section was section 31 of chapter 205 of the Acts of 1893. Chapter 205, passed at the long session which followed the adoption of the present constitution, was styled: "An Act relating to husband and wife, and entitled 'Husband and Wife' ", and dealt with many phases of the marital relation. Article 1 of the Act set out the manner of celebration of marriage and defined the types of marriages that were prohibited. Article 2 set out various grounds for divorce and dealt with the law concerning the types of divorce that might be granted, custody of children, annulment of marriage, methods of procedure for obtaining alimony and maintenance for children, including the process of attachment without surety, and, in section 31 of the Act, set forth the provision, above quoted, which is now KRS 405.060.

We believe the word "maintenance," as used in the statute, means that maintenance that might be adjudged an outgrowth of a suit for divorce, and pertains to that money or property a husband might be required to pay in discharge of his duty to support his wife and children during his lifetime. Before a person is entitled to attack a conveyance under this statute, it is necessary first to allege that the right to maintenance had accrued, and, in some way, that right had been defeated by the fraudulent conveyance. This requirement was recognized in Campbell v. Trosper, 108 Ky. 602, 57 S.W. 245, wherein it was pointed out that a divorced wife was not entitled to prosecute a suit under this section because she was not then entitled to maintenance by her former husband.

In the case at bar, it is not alleged that Ora Mae Banks Taulbee was the daughter of Harlan Banks, or that she was entitled to be maintained by Harlan Banks and he failed properly so to do. It is not even alleged that she was alive in the year 1932 when the conveyance was made. She failed entirely to aver facts that might indicate that she had a cause of action.

It does not appear in the petition, but statement is made in appellant's brief that Harlan Banks died on December 6, 1936, and Cordia Banks died on September 22, 1945. If, for the purposes of this opinion, we accept these facts, then (1) death released Harlan Banks from his obligation to maintain or support anyone, and, (2) the dower right which Cordia Banks retained because she did not join in the conveyance, was extinguished at the time of her death.

The petition is also defective in that it fails to allege that the purchaser at the 1932 sale was with notice, as is required by the statutes. The deed itself recites a consideration in the sum of $186 and there is no showing that this amount did not represent the full value of the sale.

For the several reasons indicated, we believe the circuit court correctly sustained a demurrer to the petition and the judgment is, therefore, affirmed.