CASE 101—PETITION EQUITY—MAY 28.

## McCampbell v. McCampbell.

103    745
f132    166

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. PRACTICE IN COURT OF APPEALS.—In all equity cases the court of appeals will consider the evidence and judge and determine as to the truth of the matters involved, giving due weight to the opinion of the chancellor below.
2. DIVORCE—ORAL EXAMINATION OF WITNESSES.—In an action for divorce where it is manifest that the proof in support of the

McCampbell v. McCampbell.

plaintiff's allegations, if it can be had, must come principally from the friends and associates of the defendant, and that an oral examination of them is necessary to do justice to the plaintiff, the trial court should, upon the plaintiff's motion, allow the depositions to be taken upon oral examination after proper notice.

3. EVIDENCE—INCRIMINATING TESTIMONY.—A witness will be required to give evidence, although it may tend to disgrace him, if it will not in fact convict him of crime, or of such infamy as would render him incompetent.

4. STATUTORY CONSTRUCTION—DIVORCE—CHARACTER OF WITNESSES. —Under the provisions of section 2119 of the Kentucky Statutes requiring, in actions for divorce, two witnesses, or one and strong corroborating circumstances to sustain the charge of adultery, or lewdness, and providing that "the credibility, or good character, of such witness must be personally known to the judge, or to the officer taking the deposition, who shall so certify, or it must be proved," when evidence is introduced to the effect that the witness is a credible person, or entitled to credit on oath, or is of good character, the statute is complied with.

5. DIVORCE.—The plaintiff is not required to show himself entitled to an absolute divorce from the bonds of matrimony before he will be granted a divorce *a mensa et thoro*.

JAMES QUARLES FOR APPELLANT.

1. The evidence in this case establishes the statutory grounds of divorce alleged; but if it did not, it presents a strong case for the exercise of the judicial discretion in the chancellor to grant a divorce *a mensa et thoro*, which he may do, although the statutory grounds are not established. Kentucky Statutes, sec. 2121; Schrock v. Schrock, 4 Bush, 682; Orr v. Orr, 8 Bush, 156; Irwin v. Irwin, 16 Ky. Law Rep., 657; Bishop on Marriage and Divorce, secs. 613, 614 and 623.

SIMRALL, BODLEY & DOOLAN ON SAME SIDE.

1. Under the circumstances of this case it was a grievous error against the appellant when the lower court refused to order depositions to be taken on oral examination; such has been the universal practice whenever the whole truth can not be elicited without such oral examination. Carroll's Code, sec. 1008.

2. In view of the facts and circumstances of this case and the evi-

McCampbell v. McCampbell.

·dence of other witnesses, the lower court erred in refusing to require the witness, Hattie Lawrence, to answer the interrogatories propounded to her by appellant.

D. W. SANDERS, JOHN BARRET AND WM. B. THOMAS FOR APPELLEE.

1. Under sec. 25 of the act of 91, 92 and 93, concerning practice in circuit courts having continuous session, "all depositions in equitable actions shall be taken upon interrogatories, unless the court shall otherwise provide by rule, or by order in the case;" and the rules of the Jefferson circuit court do not so provide in the state of case presented here.
2. Sections 573 and 574 of the Civil Code are repealed as to the Jefferson circuit court by section 25 of that act.
3. A single act of adultery on the part of the husband is not sufficient cause for divorce under the Kentucky Statutes, which requires "living in adultery" to be established, and where there is but a single adulterous act shown, "living in adultery" is not established. Gayler v. McHenry, 15 Ind., 383; Earle v. Earle, 9 Texas, 630; Sistare v. Sistare, 2 Root, 468; Potter v. Barclay, 15 Ala., 439.
4. Appellant failed to prove the credibility, or good character of her witnesses, as required by section 2119 of the Kentucky Statutes, and the exceptions thereto should have been sustained; the general reputation, or credibility must be shown, and this can not be done by showing particular acts to support the credibility or good character. Allen v. Young, 6 T. B. Monroe, 137; Mobley v. Hamit, 1 A. K. M., 590; Henderson v. Hayne, 2 Met., 348; Greenleaf on Evidence, vol. 1, sec. 461; Wharton on Evidence, vol. 1, secs. 49 and 560.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant instituted this action in the Jefferson circuit court against the appellee in which she sought judgment for a separation from his bed and board, and that pending the action she should be allowed maintenance for support of herself and children, and for a receiver of certain property described in the petition, and that defendant be enjoined from conveying or in any wise

alienating any of the said property set forth in the petition, and that defendant be enjoined from interfering in any wise with the plaintiff, and that she be given the custody of the three youngest children, who were under fourteen years of age, and that a trustee be appointed, and that defendant be required to convey to said trustee all his right, title and interest in and to certain property named in the petition.

The grounds relied on by plaintiff, authorizing the relief prayed for, are in substance, that defendant for more than one year last past has had a confirmed habit of drunkenness, accompanied with wasting of his estate, and without providing any suitable provision for maintenance of the plaintiff, or his children; of which, it is alleged they have six in number, their ages ranging from twelve to nineteen years.

Second: That plaintiff for more than six months past had behaved himself, and was then behaving toward plaintiff in such cruel and inhuman manner as to indicate a settled aversion to her, and to destroy permanently her peace and happiness.

Third: That defendant had been and was then living in adultery.

Fourth: That the defendant is a man of violent temper, and has beaten, and has often threatened to do plaintiff bodily harm while under the influence of whisky, and otherwise, and that it would be dangerous for defendant to come to her house on Chestnut street where she lives, and to occupy the same house.

The answer of the defendant denied all the grounds

relied on for the divorce.   Upon final hearing the court
dismissed plaintiff's petition, and she has appealed to
this court.   Several grounds are relied on by appellant
for a reversal.   It is contended that the judgment of the
court below is contrary to the evidence, and that upon
the record as presented that appellant is entitled to the
relief sought, which contention is controverted by ap-
pellee.   And appellee also suggests that upon a question
of fact, that this court will not reverse the judgment of
the court below, which, however, is not the rule of this
court; but in all equity cases, this court will consider the
evidence and judge and determine as to the truth of the
matters involved, of course, giving due weight to the opin-
ion of the chancellor.

It seems to us, however, that it would not be equitable
for this court to determine as to all the questions in-
volved in this controversy upon the record as now pre-
sented.

It is the contention of appellant that the court below
erred in not allowing the plaintiff to take her proof upon
oral examination upon notice to the adverse party.   That
the affidavits filed by her and her counsel and others pre-
sented a state of case that entitled her as a matter of
right and equity, to the order or rule asked for, and that
the affidavits filed were not controverted; and besides, if
they had been, the circumstances surrounding this case,
and the issues involved therein tend strongly to show
that the order asked for was indispensably necessary in
order to a proper presentation of the issues involved, and

to the full and complete presentation of all the facts bearing upon the questions at issue.

Without intimating that the appellee is guilty of any of the acts charged by the appellant, yet it is manifest that the proof in support of the allegations, if any such proof can be had, must in the main come from friends and associates of the defendant; hence it is manifest that an oral examination was necessary in order to do justice to the plaintiff. The court below should have, therefore, sustained the motion of appellant to allow the depositions to be taken upon oral examination upon notice, as requested.

It is further contended by the appellant that the court erred in not requiring Hattie Lawrence to answer the interrogatories propounded to her. This record does not disclose the reasons for overruling the motion of appellant to require the witness to answer the interrogatories. It has been suggested that, perhaps, the reason was that it would either subject the witness to a criminal prosecution, or tend to degrade her, or render her infamous.

The witness should not be required to answer a question that would subject her to prosecution for a criminal offence, but the interrogatories as propounded if answered could not show the witness liable to any prosecution, and many of the questions could not in any event show that she had ever been guilty of an offence for which she could have been punished.

It may be conceded that there is some conflict of authority as to the extent that a witness may be compelled to answer questions which tend to degrade or render them

McCampbell v. McCampbell.

infamous. It is said in 1st Greenleaf on Evidence, Fifteenth Edition, section 454:

"Where the answer, though it will not expose the witness to any criminal prosecution or penalty, or to any forfeiture of estate, yet has a direct tendency to degrade his character. On this point there has been a great diversity of opinion, and the law still remains not perfectly settled by authorities. But the conflict of opinions may be somewhat reconciled by a distinction, which has been very properly taken between cases where the testimony is relevant and material to the issue, and cases where the question is not strictly relevant, but is collateral, and is asked only under the latitude allowed in a cross-examination. In the former case, there seems great absurdity in excluding the testimony of a witness merely because it will tend to degrade himself, when others have a direct interest in that testimony, and it is essential to the establishment of their rights of property, of liberty, or even of life, or to the course of public justice. Upon such a rule, one who had been convicted and punished for an offence, when called as a witness against an accomplice, would be excused from testifying to any of the transactions in which he had participated with the accused, and thus the guilty might escape. And, accordingly, the better opinion seems to be, that where the transaction, to which the witness is interrogated, forms any part of the issue to be tried, the witness will be obliged to give evidence, however strongly it may reflect on his character."

It is also said in the latter part of section 456:

"Nor does there seem to be any good reason why a wit-
ness should be privileged from answering a question
touching his present situation, employment, and associ-
ates, if they are of his own choice; as, for example, in
what house or family he resides, what is his ordinary occu-
pation, and whether he is intimately acquainted and con-
versant with certain persons, and the like; for, however
these may disgrace him, his position is one of his own
selection."

In Mitchell v. Commonwealth, 12 Ky. L. Rep., 458, this
court in discussing the privilege of witnesses said:

"In cases where the answer of the witness would con-
vict him of crime, or show such infamy that would render
him incompetent, he would not be compelled to answer,
but such questions as only tend to disgrace the witness,
he may be compelled to answer."

It seems clear to us upon authority, as well as reason,
that the witness should have been required to answer the
interrogatories, and that the court erred in not sustain-
ing plaintiff's motion to compel the witness to answer the
interrogatories.

It is the contention of appellee's counsel that various
exceptions should have been sustained to the depositions
filed in behalf of the plaintiff, upon the idea that the
character of the witnesses had not been proven, or sus-
tained as required by law.  In other words, it seems to
be the contention of appellee's counsel that where a wit-
ness testifies as to adultery or lewd and lascivious con-
duct, and the witness is not known by the judge, or there is

.no certificate by the officer taking the depositions, of credibility or good character, that the true construction of section 2119 of the Kentucky Statutes requires that the credibility of the witness should be shown by a witness who is able to state that he is acquainted with the general reputation of the witness, and that the witness is of good-character. Section 2119 of the Kentucky Statutes reads as follows:

"No petition for divorce shall be taken for confessed, or be sustained by the admission of the defendant alone, but must be supported by other proof. Two witnesses, or one and strong corroborating circumstances, shall be necessary to sustain the charge of adultery or lewdness. The credibility or good character of such witness must be personally known to the judge, or to the officer taking the deposition, who shall so certify, or it must be proved. . . . ."

It will be seen that the provision in regard to the credibility, or good character of the witness, is embraced in the same section that provides that no petition for divorce shall be taken for confessed, or be sustained by admission of the defendant. The manifest object of that section is to require the applicant for a divorce to in all cases present a *prima facie* case entitling the complaining party to the relief sought; hence we are of opinion that when evidence is introduced to the effect that the witness is a credible person, or entitled to credit on oath, or is of good charac-ter, that nothing more is required by the plaintiff in that respect, and that the statute is then complied with. If

[48]

the defendant then desires to attack the reputation of any of the witnesses, he can do so as provided by law.

It may be further remarked, that in cases of adultery, or lewd and lascivious conduct, it is not reasonable to suppose that the legislature ever intended that such proof should only be made and heard by persons that the world would generally regard as persons of good character. The adoption of the rule contended for by appellee would render it almost impossible to ever show any party to have been guilty of adultery, or lewd and lascivious conduct, because it is very rare, indeed, that persons of first class moral character are ever cognizant of such transaction.

We do not concur in the contention of appellee's counsel that a party must show himself or herself entitled to an absolute divorce from the bonds of matrimony in order to be entitled to a divorce *a mensa et thoro.*

For the reasons indicated, the judgment of the court below is reversed, and cause remanded with directions to the court below to sustain appellant's motion to take depositions upon oral examination upon proper notice, and allow her to re-take the deposition of any of those witnesses heretofore taken, as well as to take all other depositions which she may desire to take; and the court will allow the defendant, if he so desires, to take depositions upon oral examination upon notice; and for further proceedings consistent with this opinion.