FROUNFELKER v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, First Department.    March 6, 1903.)

1. DEPOSITIONS—COMMISSION TO TAKE TESTIMONY—WHEN AUTHORIZED.
    In an action for the negligent killing of a railway conductor, one of the main points in issue was whether deceased had complied with a rule of the company requiring a conductor, in case of the stoppage of his train, to send a flagman back to give danger signals. The flagman, who was with the conductor at the time of his death, and was the only witness who could testify as to the point in issue, was a resident of another state, and unwilling to appear on the trial. *Held*, that the issuance of a commission to take his testimony was proper.

2. SAME—ORDER FOR ORAL EXAMINATION—JUDICIAL DISCRETION.
    Under Code Civ. Proc. § 893, providing that the court may, in its discretion, direct the issuance of a commission to take testimony without written interrogations, the issuance of such a commission is a matter of judicial discretion, to be exercised on the facts presented in a given case.

3. SAME.
    When it appears from the statement of a witness that he is reluctant to testify for plaintiff, owing to his employment by defendant, and it is impossible to foresee whether he will testify frankly to questions framed, and it is probable that he may manifest a spirit of unfairness to plaintiff, the issuance of a commission to examine the witness on oral questions is proper.

    Van Brunt, P. J., dissenting.

Appeal from Special Term, New York county.

Action by Sarah A. Frounfelker against the Delaware, Lackawanna & Western Railroad Company. From an order directing that a commission issue to examine a witness for the plaintiff on oral interrogatories, defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Hammond Odell, for appellant.
Vincent P. Donihee, for respondent.

LAUGHLIN, J.    The action is brought by the widow of John Frounfelker, deceased, under the statute of the state of Pennsylvania, to recover for his death, alleged to have been caused in that state by the negligence of the defendant.    The issues have been twice tried.    Upon each trial the plaintiff obtained a verdict, but the judgments entered on these verdicts were reversed on appeal.    Frounfelker v. Delaware, Lackawanna & Western R. R. Co., 48 App. Div. 206, 62 N. Y. Supp. 840; Id., 168 N. Y. 635, 61 N. E. 1129; second appeal, 74 App. Div. 225, 77 N. Y. Supp. 470.

The decedent was a conductor in the employ of the defendant, and in charge of a freight train upon its road.    Shortly after 6 o'clock in the morning on the 3d day of October, 1896, his train stopped on the main track a short distance west of Stroudsburgh station, owing to the fact that there was another train ahead.    There was a curve in the road between 250 and 300 feet in the rear of the caboose

¶ 3. See Depositions, vol. 16, Cent. Dig. §§ 62, 63.

in which the decedent was sitting at a desk. Within from 5 to 12 minutes after decedent's train stopped, and while it was still standing at this point, the locomotive of another train, following it, collided with the caboose, inflicting injuries from which the decedent died. The rules of the defendant required, in case of a train stopping under such circumstances, that "the flagman must immediately go back one-half a mile with danger signals * * * · to stop any train or engine which may be following," and prescribed that these danger signals should be given by placing torpedoes on the rail, and signaling an approaching train. Another rule of the company provided that conductors and engineers would be held strictly responsible for the prompt enforcement of these rules. On the trials that have been had it appeared that the flagman did not obey these rules, and only went back from 200 to 250 feet, which did not reach around the curve where he or his signals could be seen by an approaching train. The witness, the taking of whose testimony is authorized by the order, was the rear brakeman and flagman on this train. He has not been a witness upon either trial. One of the grounds upon which the last judgment in favor of the plaintiff was reversed by this court is that the decedent, as conductor of the train, was guilty of negligence in not enforcing the rule requiring the flagman to go back with and give danger signals. It appears that the conductor and flagman were the only persons upon the rear end of the train, and, the conductor having been killed, and the flagman not called as a witness, there was no express evidence as to what, if anything, took place between the flagman and conductor with reference to the observance of the rules concerning signals to trains following, or as to what, if anything, the conductor observed of the movements of the brakeman. Sufficient has been stated to show that the evidence of this witness is material, and that the plaintiff's right of recovery is largely dependent thereon.

The witness is not a resident of the state, and refuses to appear voluntarily upon the trial. He is still in the employ of the defendant, and, when interviewed at his home in Moscow, Lackawanna county, Pa., on the 6th day of January, 1902, by a law clerk in the employ of the attorneys for the plaintiff, in response to a request to come to New York and testify as a witness on the trial of this action, and to state what he knew about it, he said, in substance, as appears by the affidavit of the clerk, "that to come to New York and testify, unless the Delaware, Lackawanna & Western Railroad Company ordered him to do so, would be taking the bread and butter out of his own mouth, and for the same reason he could not tell me anything about what he knew concerning the accident." It thus appears that the plaintiff must resort to a commission to obtain the evidence of this witness, which, as has been seen, is material. The commission should, therefore, be issued, and the only question is whether the witness should be examined upon written interrogatories or upon oral questions. The Legislature has expressly authorized both classes of commissions (Code Civ. Proc. §§ 887–893, inclusive), and it is a matter of judicial discretion, to be exercised upon the facts presented, which shall be issued in a given case. The Legislature, in expressly

authorizing an open commission, recognized that the facts could not in all cases be satisfactorily ascertained by interrogatories formulated and submitted to opposing counsel, and oftentimes to a hostile witness in advance of the examination.   There is nothing to show that this witness is hostile to the plaintiff; but it is manifest from his statement, to which reference has been made, that he will be a reluctant witness.   He refuses to state the facts to the attorneys for the plaintiff to enable them to prepare interrogatories intelligently; and it is evident that he appreciates keenly the delicate situation in which he is placed, owing to his employment by the defendant, and to the fact that his evidence may be injurious to his employer—an inference not unwarranted, since it has not called him as a witness. If he would answer written interrogatories with entire freedom and frankness, it is possible that they might be so framed as to elicit the material facts within his knowledge; but what his answers and demeanor will be cannot well be foreseen, and it is manifest that an answer to some interrogatory may require further examination than would be provided for by the written interrogatories.   If the witness should be partial to the defendant, and be disposed to conceal facts, or manifest a spirit of unfairness to the plaintiff, it is evident that a considerable latitude should be allowed in asking leading questions, as is the practice upon the trial of causes; and this cannot be foreseen or provided for by written interrogatories.   This is a proper case for the issuance of a commission to examine this witness upon oral questions.

The order should therefore be affirmed, with $10 costs and disbursements.   All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J.   I dissent.   I think that the majority of the court, in coming to the conclusion at which they arrived upon this application, have been largely influenced by the facts brought to their attention by the counsel for the respondent in the appendix to his brief, which relates to circumstances which were not before the court below at the time of the hearing, which formed no part of the record, and which have occurred since the granting of the motion.   I am led to this conclusion by the consideration that, notwithstanding this fact, which would heretofore have been regarded as reprehensible practice upon the part of the counsel for the respondent, not a single word of criticism is to be found in the prevailing opinion, and the counsel is permitted to reap the fruits of his irregular and improper practice, and establish a precedent, which in the future will be rather troublesome for the court.   The court allows to be placed upon the record as part of the papers upon the appeal in this case a statement of facts and circumstances which, as I have said, were not before the court, and which have occurred since the hearing of the motion by the court below.   It seems to me that this is countenancing a practice which ought to have received the severe censure of the court, instead of receiving the stamp of their approval.