(155 App. Div. 211.)

HELLER, HIRSH & CO. v. GENERAL MFG. CO.

(Supreme Court, Appellate Division, First Department.    February 14, 1913.)

1. DISCOVERY (§ 49*)—EXAMINATION BEFORE TRIAL—NONRESIDENCE OF PARTY EXAMINED.

In an action against a corporation for commissions on sales, in which plaintiff must rely on evidence which can only be obtained from defendants, an oral examination of defendant's officers and agents before trial will not be denied merely because they reside in another state.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*]

2. DISCOVERY (§ 28*)—ORAL EXAMINATION.

The present disposition of courts is to permit examination on oral questions, where the ends of justice will be thereby promoted.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 41, 43; Dec. Dig. § 28.*]

Appeal from Special Term, New York County.

Action by Heller, Hirsh & Co. against the General Manufacturing Company. From an order denying plaintiff's motion to examine certain designated witnesses in Philadelphia upon oral questions, defendant appeals. Order reversed and motion granted as to witnesses specifically named in the notice of motion.

See, also, 150 App. Div. 905, 135 N. Y. Supp. 1117.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nathan D. Stern, of New York City, for appellant.
James B. Mackie, of New York City, for respondent.

PER CURIAM.  The action is by an assignee of brokers for agreed commissions upon garbage tankage alleged to have been sold by said brokers on account of defendant.

[1] The witnesses sought to be examined are officers of defendant and a former sales agent of defendant who may reasonably be expected to be a reluctant, if not an actually hostile, witness. In order to establish its cause of action, the plaintiff must rely upon the evidence which can only be obtained from defendant, its officers, and books. Under these circumstances, if the defendant and its officers were within this jurisdiction, there would not be a moment's hesitation in permitting plaintiff to have an examination before trial, which would necessarily be oral. I do not think that plaintiff should be deprived of the perfectly legitimate advantage of such an examination merely because defendant and its officers are in another state.

[2] The recent trend of decisions has been in favor of relaxing to some extent the former rule under which commissions to examine on oral questions were discountenanced. The disposition of the courts at present is to permit such examinations where it appears that the elucidation of the truth, and consequently the ends of justice, will be facilitated thereby. Frounfelker v. D. L. & W. R. R. Co., 81 App. Div. 67, 80 N. Y. Supp. 701; Wolf v. Union W. & P. Paper Co., 148

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

App. Div. 627, 133 N. Y. Supp. 239; Deery v. Byrne, 120 App. Div. 6, 104 N. Y. Supp. 836.

The order so far as appealed from should be reversed, with $10 costs and disbursements, and the motion granted as to the witnesses specifically named in the notice of motion.