## Robinett v. Coleman, et al.

(Decided October 12, 1917.)

### Appeal from Pike Circuit Court.

Appeal and Error—Finding of Chancellor.—In an equity case where the proof is conflicting, and on the whole case the mind is left in doubt as to the truth of the matter, the chancellor's judgment will not be disturbed on appeal.

F. W. STOWERS for appellant.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In 1899, America Hatfield, now Robinett, executed a deed for a certain tract or parcel of land, lying in Pike county, Kentucky, to her sister, Leah Coleman. America Hatfield-Robinett was then about thirty-three years of age, and in full possession of her mental faculties. The consideration for the conveyance was recited as two hundred ($200.00) dollars, cash in hand paid. On September 19, 1912, this action was instituted in the Pike circuit court by America Robinett against her sister, Leah Coleman, and husband, Ferrell Coleman, seeking to have the deed executed in 1899 declared a mortgage for the security of fifteen dollars, which she says she borrowed from her sister, Leah Coleman, and husband, Ferrell Coleman, at the time of the execution of the deed, and which said sum she alleges she has repaid to her sister. Mrs. Robinett contends that this sum was bor-

rowed from her sister and brother-in-law for the purpose of making a journey to North Carolina, and as security only she executed the deed, it being agreed, as she contends, that should she never return to Kentucky, or fail to repay the fifteen dollars to her sister, the deed should become absolute and the title vest in Leah Coleman, but in the event of her return to Kentucky, or upon the repayment of the fifteen dollars, with interest, Leah Coleman was to reconvey the property to her (America Robinett). She asserts that at the time of the making of the deed a contemporaneous writing, prepared by Thomas Hatfield, a brother of both, was entered into between herself and Mrs. Coleman setting forth the terms of the conveyance, and in which writing it was specifically set forth that a reconveyance of the property was to be had upon her return from North Carolina and repayment of the debt with interest. She also insists that the recited consideration of two hundred dollars in the deed was a mistake of the draughtsman and clerk who prepared the deed, it being suggested, as she says, by the clerk that a consideration was necessary to support the deed, and the clerk supplied the words, "two hundred dollars in hand paid."

On the other hand, Mrs. Coleman asserts that the deed is and was an absolute conveyance and vests her with the fee simple title to the land described therein, and that two hundred dollars was the agreed consideration, all of which she claims was paid to Mrs. Robinett. She denied the execution or existence of the alleged contemporaneous writing drawn as alleged by her brother, Thomas Hatfield. Mrs. Coleman further asserts that in 1899 the land was of little value, it, at the time, being many miles from a railroad and entirely undeveloped, whereas, at the time of the institution of this cause, in 1912, a railroad had penetrated that mountainous section and coal companies were engaged in buying property such as this in controversy, and the price had greatly increased. These several contentions were set forth in the answer of Leah Coleman and her husband, Ferrell Coleman. In addition, defendants plead the ten-year statute of limitation, alleging that the deed executed in 1899 was immediately placed of record in the proper office and had since so remained, but that the plaintiff had allowed the lapse of more than ten years before the institution of the action, and her rights were, therefore, barred and tolled.

The plaintiff did not file her title papers or in any manner manifest her ownership of the lands in controversy, except by mere allegation, and it is insisted by the defendant that plaintiff must fail for this reason.

The lower court, upon hearing, dismissed plaintiff's petition and adjudged Leah Coleman the owner of the property in controversy, and from this judgment Mrs. Robinett appeals. The determination of this case largely depends upon the finding of fact.

There are many contradictions in the evidence. In fact, the testimony of Mrs. Coleman and most of her witnesses is in direct conflict with that of the plaintiff, Mrs. Robinett, and her witnesses. Some members of the Hatfield family, brothers and sisters of the parties to this action, testify for plaintiff and some for the defendant. Without a personal acquaintance and some knowledge of the character and reliability of the witnesses this court would be utterly unable to arrive at a conclusion satisfactory to itself. In such cases a rule has been adopted of sustaining the finding of the chancellor where, upon a review of the whole record, the mind is left in doubt as to the right of the matter. This court has repeatedly accorded great weight to the finding of the chancellor upon the facts, because of his opportunities to see and hear the witnesses and his personal acquaintance. In the case of Campbell v. Trosper, 108 Ky. 602, this court reannounced the doctrine:

"Though in an equity action, like this, as has been frequently held by this court, the finding of the chancellor will not be given the effect of a verdict of a jury, still, where the evidence is conflicting some weight will be given to his finding, and it will not be disturbed unless on the whole case it appears to be contrary to the testimony. While there are expressions in some opinions of this court, written some years ago, giving more effect than this to the finding of the chancellor in equity cases, these have been time and again disapproved, for the reason that the rule is inapplicable to equity cases, which frequently involve a number of issues and it is a matter of uncertainty what the chancellor's conclusion on a particular issue of fact is. The real difficulty in most cases is in applying the law to the facts. Equity cases being tried here on the same record as in the court below, the reason for the rule in common law cases does not exist. This court has, therefore, uniformly, for a number of years, adhered to the rule that in equity

cases judgment will be given here according to the truth of the matter as it shall appear to the court from the whole record, but that where the proof is conflicting, and on the whole case the mind is left in doubt, as to the truth, the chancellor's judgment will not be disturbed. Bank v. Strap, 97 Ky. 432 (30 S. W. 1000); Stephens v. Dickinson (Ky.), 43 S. W. 212; Marcoffsky v. Franks, *Id.* 440; May's Adm'r v. Burns (Ky.), 44 S. W. 83; McCampbell v. McCampbell (Ky.), 46 S. W. 18; Wooley's Ex'rs v. Greenwade's Heirs (Ky.), 47 S. W. 335; Bank v. Clark (Ky.), 48 S. W. 1089.''

The chancellor undoubtedly was of opinion and found from the evidence that Mrs. Robinett, then Hatfield, sold and conveyed her land and by said deed vested the absolute title in her sister, Mrs. Leah Coleman, and that the consideration of two hundred dollars was fully paid. To arrive at such conclusion on the facts the court necessarily disregarded the claim of the plaintiff, Mrs. Robinett, wherein she insists there was a contemporaneous writing requiring a reconveyance upon certain conditions, and that the instrument is a mere deed of trust or mortgage and that she had only procured a loan of fifteen dollars and placed the deed in *escrow* with the clerk to be delivered only upon condition that she did not return from North Carolina and did not repay the fifteen dollars to Mrs. Coleman. If the chancellor had given credence to the testimony of appellant and her witnesses touching the execution and delivery of the contemporaneous writing, the instrument would have been given the effect of a mortgage, and the petition would not have been dismissed.

If, as the chancellor found, the instrument was a deed and not a mortgage, the plaintiff had no cause of action and the petition was properly dismissed. Nothing appears in the record to induce this court to disregard the finding of the chancellor upon the facts, nor to reverse his decree upon the whole case. Having arrived at this conclusion, it is unnecessary to consider the other questions made in the brief for appellant.

Judgment affirmed.