# Commonwealth ex rel. Witte *v.* Witte, Appellant.

*Habeas corpus—Custody of children—Appeals—Question for Superior Court—Act of July 11, 1917, P. L. 817—Practice, Superior Court.*

The Act of July 11, 1917, P. L. 817, provides that upon appeals, from proceedings by habeas corpus for the custody of children, the Superior Court shall consider the testimony and make such order, upon the merits of the case, as to right and justice shall belong.

Where it appears, upon such an appeal, that there is evidence to sustain the conclusion of the lower court, that there were better

Syllabus—Opinion of the Court. [80 Pa. Superior Ct.

prospects of due care and proper environment for the children with their grandparents than with their mother, and the majority of the Superior Court conclude that the welfare of the children will be best conserved by so doing, the decree of the lower court will be affirmed.

Argued October 24, 1922. Appeal, No. 260, Oct. T., 1922, by respondent, from decree of C. P. Franklin Co., Feb. T., 1922, No. 31, in the case of Commonwealth of Pennsylvania ex rel. Annie E. Witte v. Alwilda Stohler Witte. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Habeas corpus for possession of two minor children. Before GILLAN, P. J.

The opinion of the Superior Court states the case.

After hearing the case the court remanded the children to their grandmother's care and finally entered an order giving her their permanent custody.

*Error assigned* was the order of the court.

*Edmund C. Wingerd* and *O. C. Bowers,* for appellant. —The mother has a superior right to the children and to refuse her their custody was error: Com. ex rel. Black v. Black, 79 Pa. Superior Ct. 409.

*John W. Hoke,* and with him *Garnet Gehr,* for appellee.—The governing consideration in a proceeding of this character is the welfare of the child, not the rights of the parent: Com. ex rel. v. Tweedy, 74 Pa. Superior Ct. 577.

OPINION BY TREXLER, J., March 2, 1923:

A writ of habeas corpus was issued to determine who should have the custody of the two children of Lloyd and Alwilda Stohler Witte. The father of the children lived with his parents in Chambersburg and his mother, Annie Witte, is the relator. This contest is over the boy,

Alfred, but by agreement of counsel the decision as to him determines the question as to both. The lower court had some difficulty in deciding the case. In suits involving the custody of children, the responsibility of the court is heavy and the issues involved are always important. After hearing the case the court remanded the boy to his grandmother's care and finally entered an order which gave the custody permanently to her. The Act of July 11, 1917, P. L. 817, provides that in appeals of this nature this court shall consider the testimony and make such order upon the merits of the case as to right and justice shall belong. The Act of June 26, A. D. 1895, P. L. 316, provides "That hereafter a married woman, the mother of a minor child who contributes by the fruits of her labor or otherwise toward the support, maintenance and education of her said minor child, shall have the same and equal power, control and authority and same right of custody as the father; Provided however, that the mother of such minor child is otherwise qualified as a fit and proper person to have the control and custody of said child." The act further provides that in such cases the judges of the court shall in their sound discretion decide as to which parent shall have the custody, regard being had to the fitness of such parent and the best interest and permanent welfare of said child. There was some evidence produced that reflected upon the character of the mother and raised a doubt whether she was a proper person to have the child. She was given the opportunity to clear up matters by producing the testimony of witnesses who were cognizant of the facts which were arrayed against her. This testimony could have apparently been obtained, but she did not produce it. The children had been living with their grandparents for some months and were well cared for, and surrounded with good influence. There was a statement made by the maternal grandfather that would sustain the inference that he was somewhat careless as to the conduct of his daughter. We can readily understand why the lower court came

to the conclusion that there were better prospects of due care and proper environment with the paternal grandparents than with the mother. The learned judge gave great care to the investigation, and had the opportunity to see the parties, to observe the attitude of the adults, who were the parties to the controversies and of the children who were the subject of it. We have refrained from going into particulars, for it would do no good to spread upon the printed page the charges which were brought against each other by these parents. A majority of this court have come to the conclusion that the welfare of the children will be best conserved by allowing the order of the lower court to stand.

The assignment of error overruled and the decree of the lower court is affirmed.