## Pond Creek Coal Company v. Coleman, et al.

(Decided July 1, 1924.)

### Appeal from Pike Circuit Court.

1. Specific Performance—Rests in Discretion of Chancellor.—Specific performance always rests in sound discretion of chancellor, and may not be demanded as matter of absolute right.
2. Specific Performance—Relief Held Properly Denied.—One may not demand of court of equity deed to land seven years after refusal to accept same, on claim that tendered title was invalid, where thereafter claim was shown to be groundless and land had doubled in value.

HARMAN, FRANCIS & HOBSON for appellant.

PICKLESIMER & STEELE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the plaintiff from a judgment refusing its prayer for specific performance of a contract to convey land.

Being convinced that it would have been extremely inequitable to decree specific performance under the proven circumstances; we may assume without deciding that the contract was enforceable and not unilateral, as is also claimed by appellees, since specific performance always rests in the sound discretion of the chancellor and may not be demanded as matter of absolute right.

This contract, executed May 17, 1912, provided for delivery of deed of general warranty and payment of the purchase price at $25.00 an acre within 60 days, but that the vendors (appellees) could not demand performance until the acreage had been ascertained by survey, nor until they had made and tendered an abstract showing good title.

The vendee, however, not only had the land surveyed but also had an abstract made of appellees' title thereto; and thereafter, in July, 1912, offered in writing to accept conveyance and pay for the land when and if, as demanded, appellees had satisfied or defeated the claim of their immediate vendor, a Mrs. Robinett, that her deed to them, absolute on its face, was in fact only a mortgage.

After the circuit court had adjudged that claim groundless and appellees' deed valid, they offered to convey the land to appellant, but it again declined to ac-

cept a deed to or pay for the land, as it did in effect by its letter of July, 1912, unless and until the circuit court's judgment was affirmed by this court, which was done on October 12, 1917, in Robinett v. Coleman, 177 Ky. 135, 197 S. W. 532.

This action, however, was not filed seeking specific performance 'until in July, 1919, and after the value of the land had more than doubled as appellant admits, if indeed it had not more than quadupled as appellees' witnesses testify.

This brief statement of the facts seems a sufficient exposition of the inequity of appellant's demand. Obviously the only question here for decision is whether appellant may demand of a court of equity a deed to land seven years after its refusal to accept same upon the claim that the tendered title was invalid, and after that claim has been shown to be groundless and the land has doubled in value. Surely not.

The entire argument to the contrary is built upon the assumption that Mrs. Robinett's claim, even though eventually proven groundless, was suffcient to warrant appellant's refusal to comply with its contract to take and pay for the land at the time agreed upon, or so long as that claim remained a menace to the title.

Accepting the assumption as true, as possibly it is, it then follows of course that appellees could not in equity have forced appellant to accept the title prior to this court's approval of same; but can it also be true, as claimed, that in equity and good conscience appellant, after exercising its assumed right to reject the title when tendered in accordance with the terms of the contract, still had the right to demand performance by appellees seven years thereafter and after the land had doubled in value?

The chancellor thought not, and so do we.

Judgment affirmed.