## Commonwealth ex rel. Horisk, Appellant, v. Horisk.

*Parent and child—Habeas corpus—Custody of child.*

A minor child will be remanded to the custody of its father where it is shown that such an arrangement is to the best interests and welfare of the child, and where the mother already has the custody of another child. Where the father supports both child and mother, and the mother already has possession of one of the children, it seems but fair to permit the father to have the other, if he be a proper person.

In habeas corpus proceedings a wife is competent to testify against her husband. Such proceedings involving the custody of children are of special character. They are not employed to determine the legal rights of the parties as between them, but the inquiry is on the part of the Commonwealth as to the best interests and future welfare of the child. There are in fact no plaintiffs or defendants in such proceedings. Each party claiming the child is on an equal footing with any one else, as to the right to be heard, and is entitled to his or her day in court.

Argued March 18, 1927. Appeal No. 99, October. T., 1926, by petitioner from decree of C. P. Montgomery County, October T., 1926, No. 56, in the case of Commonwealth ex rel. Edith Horisk, by her mother Florence Horisk, v. Charles Harold Horisk. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed

Petition for writ of habeas corpus.  Before KNIGHT, J.

The facts are stated in the opinion of the Superior Court.

The Court ordered that the child be remanded to the custody of her father with the qualification that the mother should have exclusive possession of her for one full day each week.  Petitioner appealed.

*Error assigned,* among others, was the decree of the Court.

*Charles D. McAvoy,* for appellant.

*Theodore Lane Bean,* for appellee.

OPINION BY TREXLER, J., April 27, 1927:

The parties were married December 26, 1921.  Two children were born, a daughter, July 1, 1922, who is with her father and the subject of this controversy, and a son, January 15, 1924, the latter being with the mother.  The court found both of these to be proper parties to entrust with the care and responsibility of the child.  It, however, concluded that the welfare of the child would best be conserved by allowing her to remain with the father.  The reasons given are that the child is now living with the father in a proper home with good surroundings.  Her paternal grandmother is still in the prime of life, a sensible, refined, competent and motherly woman."  The paternal grandfather is a reputable business man and the child's aunts are refined persons.  The surroundings are such as will afford loving care and affection with the teaching of proper regard for the child's mother.  To remove her would place her in a less advantageous house.  For the six months she has been with the father, she has been healthy, happy and content.  The father and his people are in a better position than the mother and

402   COM. ex rel. HORISK, Appellant, *v.* HORISK.

Opinion of the Court.   [90 Pa. Superior Ct.

her people to give the child material advantages. We quote from the opinion of the lower court: "The mother has lived with her husband's family and they do not seem to be hostile or bitter towards her nor she towards them. On the other hand, there was uncontradicted evidence of the unfriendly feeling of the wife's mother and, at least, one of her brothers, against the respondent. If we award the infant relatrix to her mother, the child will be surrounded by an atmosphere of distinct hostility and ill will towards her father and, as Edith must look to this father for support no matter with whom she resides, this atmosphere of hostility may poison her mind against her father to her own great disadvantage ...... Taking all these things into account and weighing them on the scales of 'best interest and permanent welfare,' the two considerations which favor the mother, namely, the age and sex of the infant relatrix, are outweighed by other distinct advantages that will accrue to her if we permit her to remain with her father."

Apart from the question of the welfare of the child and as a mere make weight in the discussion, the lower court has very properly observed that the father must support both children and the mother and that the mother having already the possession of one of the children, it would seem but fair to permit the father to have the other. The only other question which remains to be considered is whether the wife was a competent witness against the husband in this matter. She testified, but the court, when it decided the case, stated in its opinion that it disregarded her testimony.

The learned judge of the court below disregarded the testimony of the wife. He took the view that the Act of May 23, 1887, P. L. 158 rendered her incompetent. That Act provides "Nor shall husband or wife be competent or permitted to testify against each other," and in that respect was a re-enactment of

COM. ex rel. HORISK, Appellant, *v.* HORISK.   403

400, (1927).]          Opinion of the Court.

former statutes.   We have come to a contrary conclusion.   Habeas corpus proceedings involving the custody of children are of a special character.   "Civil cases do not in common parlance include the writ of habeas corpus": Commonwealth v. Commissioners of Lancaster County, 6 Binney 5.   They are not employed to determine the legal rights of the parties as between them, but the inquiry is on the part of the Commonwealth as to the best interests and future welfare of the child.   There are in fact no plaintiffs or defendants in such proceedings.   Each party claiming the child is on an equal footing with any one else, as to the right to be heard, and is entitled to his or her day in court.   If the parents are to be regarded as opposing parties the lips of both would be sealed.   It has been the common practice for many years in such proceedings to hear both parents.   In Commonwealth v. Hart, 8 W. N. C. 156, very frequently referred to in cases of this kind, both parties testified.   This is true of all the cases which we have examined with but few exceptions, and in the latter the wife was not called.   The latest cases in our court where this appears are Commonwealth v. Tweedy, 74 Pa. Superior Ct. 577; Commonwealth v. Witte, 80 Pa. Superior Ct. 397.

In any event, we have read the wife's testimony and it does not change the facts which supported the conclusion that the best interests of the minor would be served by putting her in charge of the father.

The judgment of the lower court is affirmed.