## Commonwealth ex rel. v. Wanamaker

*Theodore Lane Bean,* for plaintiff.

*Aaron S. Swartz, Jr., C. Townley Larzelere, Frank X. Renninger* and *Ira J. Williams,* for defendant.

KNIGHT, J., March 18, 1932.—John Wanamaker, Jr., seeks by a writ of habeas corpus to obtain the possession of his two children. The respondent has presented these petitions, on which rules were allowed, to show cause why the oral testimony of certain witnesses located in the City and State of New York should not be taken before an examiner. The petitions give the names of the witnesses, and aver that they are employes, or former employes, of Mr. Wanamaker, and are hostile to the respondent. The answer does not deny that the desired witnesses are adverse to the respondent, but denies that their testimony would be relevant to the issue. There is much irrelevant matter in the petitions, which for our present purpose will be ignored.

The petitions are filed by virtue of the Acts of June 25, 1895, P. L. 279, and June 8, 1911, P. L. 709, which declare that the court in any civil proceeding may provide for the taking in another state, or foreign country, of the testimony of witnesses orally before an examiner appointed by the court, etc.

These acts, so far as we have been able to discover, have been before the lower courts thirteen times; in ten of these cases the application was refused, in three it was granted. The burden of all these cases is that the appointment of an examiner under the above-mentioned acts is discretionary, but it must be a sound legal discretion, and there should be a special and substantial reason shown for departing from the established practice of securing the testimony of witnesses in foreign jurisdictions by commission and interrogatories. This reluctant and cautious attitude of the lower courts toward the acts has been approved by the Supreme Court in two cases: Neilson's Appeal, 230 Pa. 540, and again in Force's Petition, 265 Pa. 228, where it is said: "The uniform practice followed by the common pleas courts seemed to be to refuse permission to take oral testimony unless special reason is shown for departing from the previously established practice."

We, therefore, come to a consideration of whether there exists a special and substantial reason for allowing the application in this case.

Habeas corpus is a civil proceeding, and this is a contest between parents for the custody of their children. Such a case is more in the nature of an investigation as to what is for the best interest and permanent welfare of the child than a determination of the rights of the contending parties. See Act of 1895, P. L. 316, Sec. 2; Com. ex rel. Horisk v. Horisk, 90 Pa. Superior Ct. 400.

A proceeding such as this places a grave responsibility upon the court, which should have full information as to the moral, mental and physical fitness of each parent to have the custody of young children: we are, therefore, inclined to lend every aid in obtaining this information.

We must assume from the undenied averment of the petition that the proposed witnesses are hostile to the respondent. Their examination, then, must be in the nature of cross-examination, and every practitioner knows how unsatisfactory is the cross-interrogatory. An adverse, cagy and reluctant witness can so frame his answers as to conceal rather than reveal the truth.

We have been unable to find any Pennsylvania case in which the facts were similar to those of the case at bar, but in 18 C. J. 653, § 136, it is said: "An oral examination may be allowed where the desired proof must in the main come from witnesses who are probably prejudiced against the applicant." See, also, McCampbell v. McCampbell, 103 Ky. 745, 46 S. W. 18; Stapleton v. La Shelle, 124 App. Div. 333, 109 N. Y. Supp. 41.

In Frounfelker v. D., L. & W. R. R. Co., 81 App. Div. 67, 80 N. Y. Supp. 701, where, under a code provision similar to the provisions of the acts in this case, the court permitted the taking of oral testimony outside of the jurisdiction, the following is contained in the syllabus: "When it appears from the statement of a witness that he is reluctant to testify for plaintiff, owing to his employment by defendant, and it is impossible to foresee whether he will testify frankly to questions framed, and it is probable that he may manifest a spirit of unfairness to plaintiff, the issuance of a commission to examine the witness on oral questions is proper."

We understand why our courts are extremely cautious and reluctant to grant applications of this kind, but we are of the opinion that in this case a substantial and special reason exists for departing from the general rule and the established practice.

And now, March 18, 1932, the rule is made absolute. The parties may agree in suggesting to the court a proper person to act as examiner and may suggest the notice to be given and the time within which such testimony shall be taken. If no suggestion is made within fifteen days of this date the court will appoint an examiner, prescribe the notice to be given and the time within which such testimony shall be taken.